# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HAROLD CORREOS, et al.,

        Plaintiffs,

vs.

NATIONAL DEFAULT SERVICING CORP., et al.,

        Defendants.

Case No. 2:12-cv-00556-JCM-NJK

ORDER DENYING MOTION TO COMPEL (Docket No. 38)

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Compel, filed on January 17, 2013. Docket No. 38. Plaintiff's response was due 14 days thereafter, *see* LR 7-2(b), but has not been filed to date. The failure to timely oppose a motion can constitute grounds for granting it, *see* LR 7-2(d), but the Court finds the motion to have a threshold defect that requires that it be **DENIED** without prejudice as discussed more fully below.

The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

Judges in this District have previously held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 171 (D. Nev. 1996). The

consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*.  This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.  To ensure that parties comply with these requirements, movants must file certifications that "accurately and *specifically* convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170 (emphasis added).

The certification with the pending motion to compel provides that, "Wells Fargo has complied with Local Rule 190-1(f)(2) and has made a good faith effort to consult with the Plaintiffs prior to filing the Motion to Compel." *See* Mot. at 5.[1]  The attached declaration similarly provides that "Affiant in good faith has attempted to contact the Plaintiffs in an effort to obtain responses to the Discovery without court action." Crowton Aff. ¶ 10.[2]  This certification provides no details whatsoever about the attempted contact (*e.g.*, who Wells Fargo's counsel attempted to contact, on what date(s), and by what means).  Therefore, it is insufficient. *See ShuffleMaster*, 170 F.R.D. at 172 (rejecting as insufficient certification that "after personal consultation and sincere effort to do so, counsel have been unable to satisfactorily resolve this matter").

//

//

---

[1] The Court assumes that Wells Fargo refers to former Local Rule 190-1(f)(2), which has not been in effect since June 1, 1995. *See ShuffleMaster*, 170 F.R.D. at 170 n.4.

[2] The papers also make clear that Wells Fargo had sent a letter to Plaintiffs on December 27, 2012 informing them that their discovery responses were late. *See* Mot. Exh. 2.  Wells Fargo had then agreed to an extension for the responses. *See* Mot. Exh. 3.  These discussions pre-dated the failure to provide discovery responses by the extended deadline that is the basis for Wells Fargo's pending motion.

1  //

3  Accordingly, the Motion to Compel is hereby **DENIED** without prejudice.

5  IT IS SO ORDERED.

7  DATED this 15th day of February, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge

3