UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HAROLD CORREOS, et al., </br></br>　　　　　Plaintiffs, </br></br>vs. </br></br>NATIONAL DEFAULT SERVICING CORP., et al., </br></br>　　　　　Defendants. | Case No. 2:12-cv-00556-JCM-NJK </br></br>ORDER DENYING MOTION TO DEEM REQUESTS FOR ADMISSIONS TO BE ADMITTED </br>(Docket No. 37) |

　　　Pending before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Deem Admissions Admitted in the Case, filed on January 16, 2013. Docket No. 37. Plaintiff's response was due 14 days thereafter, *see* LR 7-2(b), but has not been filed to date. The failure to timely oppose a motion can constitute grounds for granting it, *see* LR 7-2(d), but the Court finds the motion to have a threshold defect that requires that it be **DENIED** without prejudice as discussed more fully below.

　　　The Court's initial inquiry regarding a discovery motion is whether the movant made adequate meet and confer efforts. Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

　　　Judges in this District have previously held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by

1  agreement or to at least narrow and focus matters in controversy before judicial resolution is
2  sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation,
3  parties must "treat the informal negotiation process as a substitute for, and not simply a formal
4  prerequisite to, judicial review of discovery disputes." *Id*.  This is done when the parties "present to
5  each other the merits of their respective positions with the same candor, specificity, and support
6  during the informal negotiations as during the briefing of discovery motions." *Id*.  To ensure that
7  parties comply with these requirements, movants must file certifications that "accurately and
8  *specifically* convey to the court who, where, how, and when the respective parties attempted to
9  personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170 (emphasis added).

10  The pending motion provides no certification whatsoever about the meet and confer efforts
11  of counsel prior to filing the motion.  The closest that the papers come to providing a certification is
12  the statement in Wells Fargo's request for sanctions that "Wells Fargo should be awarded attorney's
13  fees and costs, based on the good faith attempts by Wells Fargo to try and resolve the issues
14  surrounding the propounded discovery prior to filing the Motion to Deem the Requests for
15  Admissions Admitted in this case."  *See* Mot. at 12.[1]  Even were the Court to consider this statement
16  to be a certification, it is woefully deficient because it fails to provide any details of the meet and
17  confer process.  *See ShuffleMaster*, 170 F.R.D. at 172 (rejecting as insufficient certification that
18  "after personal consultation and sincere effort to do so, counsel have been unable to satisfactorily
19  resolve this matter").
20  //
21  //
22  //
23  //

---

[1] The papers make clear that Wells Fargo sent a letter to Plaintiffs on December 27, 2012 informing them that their discovery responses were late.  *See* Mot. Exh. 2.  Wells Fargo had then agreed to an extension for the responses.  *See* Mot. Exh. 3.  These discussions pre-dated the failure to provide discovery responses by the extended deadline that is the basis for Wells Fargo's pending motion.

1 Accordingly, the Motion to Compel is hereby **DENIED** without prejudice.

2

3 IT IS SO ORDERED.

4

5 DATED this 15th day of February, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge